**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE ) | | Chapter 7 |
| ) | | |
| JAMES, HENRY LEE ) | | CASE NO. 13-02730-PSH |
| JAMES, CYNTHIA ) | | |
| Debtor(s). ) | | Hon. Pamela S. Hollis |

**NOTICE OF MOTION**

To:   See Attached Service List

**TRUSTEE'S CERTIFICATE OF SERVICE FOR**
**NOTICE OF TRUSTEE'S FINAL REPORT**

**PROOF OF SERVICE**

    I, the undersigned attorney, certify that I served a copy of this Notice and attached Motion upon the person(s) listed above by mailing the same in a properly addressed envelope, postage prepaid, and placed in a U.S. depository in Oswego, Illinois on the 15th day of December, 2017, unless a copy was served electronically which occurs automatically upon the filing of the aforesaid document with the Bankruptcy Clerk of the Court.

                                                    */s/ Peter N. Metrou*
                                                    **Bankruptcy Trustee**

Prepared by:
**PETER N. METROU**
Metrou & Associates, P.C.
123 W. Washington St., Ste. 216
Oswego, Illinois 60543
(630) 551-7171

SERVICE LIST

**Via First-Class Mail**

AMEX
Attn: Bankruptcy Dept.
Po Box 297871
Fort Lauderdale, FL 33329-7871

BANK OF America
Attn: Bankruptcy Dept.
Pob 17054
Wilmington, DE 19884-0001

Charles F Kinzer
Geraci Law L.L.C.
55 E Monroe, Suite 3400
Chicago, IL 60603-5920

Chase Mortgage
Attn: Bankruptcy Dept.
10790 Rancho Bernardo Rd
San Diego, CA 92127-5705

Chase Mortgage
Attn: Bankruptcy Dept.
Po Box 901039
Fort Worth, TX 76101-2039

CHASE
Attn: Bankruptcy Dept.
Po Box 15298
Wilmington, DE 19850-5298

Chase/BEST BUY
Attn: Bankruptcy Dept.
Po Box 15298
Wilmington, DE 19850-5298

CITI
Attn: Bankruptcy Dept.
Po Box 6241
Sioux Falls, SD 57117-6241

Cynthia James
2107 Providence Way
Joliet, IL 60431-7748

Discover FIN SVCS LLC
Attn: Bankruptcy Dept.
Po Box 15316
Wilmington, DE 19850-5316

Equifax
Attn: Bankruptcy Dept.
PO Box 740241
Atlanta, GA 30374-0241

Experian
Attn: Bankruptcy Dept.
PO Box 2002
Allen, TX 75013-2002

Foster Premier
Attn: Bankruptcy Dept.
750 West Lake Cook Rd
Buffalo Grove, IL 60089-2076

Henry Lee James
2107 Providence Way
Joliet, IL 60431-7748

Weltman, Weinberg & Reis Co.
Bankruptcy Department
180 N. LaSalle St., Ste. 2400
Chicago, IL 60601-2704

Mcydsnb
Attn: Bankruptcy Dept.
9111 Duke Blvd
Mason, OH 45040-8999

Northwestern Medical Assoc.
C/O Miramed Revenue
PO Box 77000
Detroit, MI 48277-2000

Transunion
Attn: Bankruptcy Dept.
PO Box 1000
Chester, PA 19022-1023

Will County Circuit Court
12 AR 1543
14 W. Jefferson St
Joliet, IL 60432-4300

Schermerhorn Management
Attn: Bankruptcy Dept.
2737 Central Street
Evanston, IL 60201-1219

Sears/CBNA
Attn: Bankruptcy Dept.
Po Box 6282
Sioux Falls, SD 57117-6282

THD/CBNA
Attn: Bankruptcy Dept.
Po Box 6497
Sioux Falls, SD 57117-6497

**Via ECF**

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Kristin T Schindler
Geraci Law L.L.C.
55 E. Monroe St. Suite #3400
Chicago, IL 60603-5920

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HENRY LEE JAMES | § | Case No. 13-02730 |
| CYNTHIA JAMES | § | |
| | § | |
| Debtors | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that Peter N. Metrou, Trustee, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
        219 S. Dearborn Street
        Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00 AM on 01/12/2018 in Courtroom ,
        Joliet City Hall
        150 West Jefferson Street, 2nd Floor
        Joliet, Illinois 60432

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 12/15/2017          By: /s/ Peter N. Metrou
                                                                              Chapter 7 Trustee

*Peter N. Metrou, Trustee*
*123 W. Washington St.*
*Suite 216*
*Oswego, IL 60543*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
HENRY LEE JAMES § Case No. 13-02730
CYNTHIA JAMES §
§
Debtors §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 179,078.43 |
| and approved disbursements of | $ | 101,852.14 |
| leaving a balance on hand of[1] | $ | 77,226.29 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: Peter N. Metrou | $ 10,030.67 | $ 0.00 | $ 10,030.67 |
| Trustee Expenses: Peter N. Metrou | $ 52.76 | $ 0.00 | $ 52.76 |

| | | |
|---|---|---:|
| Total to be paid for chapter 7 administrative expenses | $ | 10,083.43 |
| Remaining Balance | $ | 67,142.86 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 38,677.91 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 99.3 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | DISCOVER BANK | $ 12,376.30 | $ 0.00 | $ 12,376.30 |
| 2 | AMERICAN EXPRESS CENTURION BANK | $ 604.10 | $ 0.00 | $ 604.10 |
| 3 | AMERICAN EXPRESS CENTURION BANK | $ 9,248.54 | $ 0.00 | $ 9,248.54 |
| 4 | AMERICAN EXPRESS CENTURION BANK | $ 1,822.19 | $ 0.00 | $ 1,822.19 |
| 5 | AMERICAN EXPRESS BANK, FSB | $ 7,492.59 | $ 0.00 | $ 7,492.59 |
| 6 | AMERICAN EXPRESS BANK, FSB | $ 1,626.37 | $ 0.00 | $ 1,626.37 |
| 7 | SCHERMERHORN AND CO | $ 5,253.00 | $ 0.00 | $ 5,253.00 |
| 7 - Interest | SCHERMERHORN AND CO | $ 34.84 | $ 0.00 | $ 0.00 |
| 1- Interest | DISCOVER BANK | $ 82.08 | $ 0.00 | $ 0.00 |
| 2- Interest | AMERICAN EXPRESS CENTURION BANK | $ 4.01 | $ 0.00 | $ 0.00 |
| 3 - Interest | AMERICAN EXPRESS CENTURION BANK | $ 61.33 | $ 0.00 | $ 0.00 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 4 - Interest | AMERICAN EXPRESS CENTURION BANK | $ 12.08 | $ 0.00 | $ 0.00 |
| 5 - Interest | AMERICAN EXPRESS BANK, FSB | $ 49.69 | $ 0.00 | $ 0.00 |
| 6 - Interest | AMERICAN EXPRESS BANK, FSB | $ 10.79 | $ 0.00 | $ 0.00 |
| | Total to be paid to timely general unsecured creditors | | | $ 38,423.09 |
| | Remaining Balance | | | $ 28,719.77 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.1 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 254.82 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 28,464.95 .

Prepared By: /s/ Peter N. Metrou
Chapter 7 Trustee

*Peter N. Metrou, Trustee*
*123 W. Washington St.*
*Suite 216*
*Oswego, IL 60543*


**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.